UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ROBERT REEDOM,<br><br>     Plaintiff,<br><br>vs.<br><br>SABRA A. CRAPPELL and<br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY,<br><br>     Defendants. | CIV. 14-4143-KES<br><br><br>ORDER DISMISSING CASE |

  Before the court is a complaint filed by Robert Reedom seeking damages against defendants for "committing personal harm and injury causing back and spinal injury." Docket 1 at 1. Reedom also filed an Application to Proceed in District Court Without Prepaying Fees or Costs. Docket 4. "Federal courts have limited jurisdiction, and limitations on the court's jurisdiction must neither be disregarded nor evaded. The court is obligated to determine sua sponte whether it has subject matter jurisdiction." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) and *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004)). *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") (emphasis added). Under 28 U.S.C. § 1331, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

  The instant action is a personal injury case and does not implicate a federal question. Accordingly, the court does not have jurisdiction over this action pursuant to 28 U.S.C. § 1331. In addition, district courts have "original

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different States." 28 U.S.C. § 1332(a)(1). "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." *Wis. Dept. of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (citations omitted). Here, Reedom is a citizen of the state of Louisiana. Defendant Crappel is a citizen of Louisiana while defendant State Farm is a citizen of Illinois. Docket 1 at 1-2. Because both Reedom and defendant Crappel are citizens of Louisiana, diversity of citizenship between the parties is not complete, and this court lacks jurisdiction pursuant to 28 U.S.C. § 1332. Based upon the foregoing, it is

ORDERED that this case is dismissed for lack of subject matter jurisdiction.

Dated September 12, 2014.

                                          BY THE COURT:

                                          /s/*Karen E. Schreier*
                                          KAREN E. SCHREIER
                                          UNITED STATES DISTRICT JUDGE